IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES ZELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-01455-E |
| | § | |
| AMICA MUTUAL INSURANCE COMPANY et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Zell's Motion to Remand, which seeks to remand this proceeding to the 160th Judicial District Court of Dallas County, Texas. (ECF Nos. 5-6). Defendants have responded, and Plaintiff has not replied. After review of the pleadings, Zell's Motion to Remand, Defendants' response, and the corresponding law, the Court DENIES Zell's Motion to Remand.

### I.  BACKGROUND

Zell initiated this litigation on May 19, 2023, in the 160th Judicial District Court of Dallas County, Texas—listing AMICA Mutual Insurance Company and Emily S. Nelson as defendants. (ECF No. 1-5 at 2). Zell's state court petition (Petition) states: "Defendant *AMICA has failed to extend a just and reasonable offer of settlement* for the Plaintiff's injuries and damages arising out of Defendant CHARLES WAYNE RICHARDSON and PETTY TURNER's negligence on the date of the incident made the basis of this lawsuit."[1] (ECF No. 1-5 at 9) (emphasis added). As to Nelson, the only specific factual allegation(s) in the Petition are:

---

[1] As pleaded, Zell asserts no claims against Richardson or Turner; neither Richardson nor Turner are named parties in this proceeding. (*See* ECF No. 1-5 at 2-23).

MEMORANDUM OPINION AND ORDER            Page 1 of 13

> On or about December 4, 2019, Plaintiff received a letter from Defendant AMICA acknowledging receipt of the notice letter and assigning Emily Nelson as the adjuster, attached as Exhibit B and incorporated herein by reference.

(ECF No. 1-5 at 8). The Petition attaches this referenced "Exhibit B" letter from AMICA:

> Kastl Law PC
> 4144 N. Central Expwy Suite 300
> Dallas, TX 75204
>
> December 4, 2019
>
> Our File Number: 60002969400
> Our Insured: James A. Zell Jr.
> Your Client(s): James A. Zell Jr.
> Date of Loss: October 13, 2017
>
> To Whom It May Concern:
>
> We acknowledge your letter of representation.
>
> This injury case has been reassigned to an Amica claims adjuster for further investigation and to handle your client's claim. You will soon be contacted by Emily Nelson. Any future correspondence pertain-ing to your client's injury claim should be forwarded to Emily Nelson.
>
> The undersigned will continue to handle the property damage portion of the file unless you notify us to directly correspond to your office.
>
> Thank you for your cooperation.
>
> Sincerely,
>
> *Kelly J. Small*
>
> Kelly J. Small  CPCU
> Claims Department
> 800-962-6422  x20901
> KSMALL@AMICA.COM

(ECF No. 1-5 at 18). The Petition further attaches a demand from Zell to AMICA demanding—at minimum—$94,046.40. (ECF No. 1-5 at 22-23). Zell asserts claims for (i) declaratory relief; (ii) violation of the Texas Deceptive Trade Practices Act (DTPA); (iii) breach of contract; (iv) promissory estoppel; and (v) specific performance. (ECF No. 1-5 at 9-13).

On June 30, 2023, Defendants removed the case to this Court. (ECF No. 1). Defendants asserted in the notice of removal that, *inter alia*, Nelson was improperly joined to defeat diversity jurisdiction. (ECF No. 1 at 1-2, 5-8). On July 26, 2023, Zell moved to remand this case back to the 160th Judicial District Court of Dallas County, Texas. (ECF No. 5). Defendants responded. (ECF No. 8).[2] Zell filed no reply. Having been fully briefed, Zell's Motion to Remand is ripe for consideration.

## II.   LEGAL STANDARD

### A. Removal Generally

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The district court must evaluate all of the factual allegations in the light most favorable to the plaintiff. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). Any contested issues of fact and any ambiguities of state law must be resolved in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014). In reviewing a motion to remand, the party who sought removal has the burden of proving removal was proper. *Texas Brine Co. v. American*

---

[2] Defendants use the term "fraudulent[] joinder" and "improper joinder" interchangeably. (*See* ECF Nos. 1,8). As briefed in the notice of removal and the response on the Motion to Remand, it is evident that Defendants argue Nelson was improperly joined. (*See* ECF Nos. 1; 8).

*Arbitration Assoc.*, 955 F.3d 482, 485 (5th Cir. 2020); *see also Willy*, 855 F.2d at 1164 (discussing the same).

There are two principal bases upon which a district court may exercise removal jurisdiction: (i) the existence of a federal question, *see* 28 U.S.C. § 1331, and (ii) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. Here, the removing Defendants have alleged only diversity of citizenship as a basis for this court's jurisdiction. *See* ECF No. 1 at 4-5. The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (i) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a);[3] (ii) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (iii) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).

## B. Improper Joinder

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). This doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See Smallwood*, 385 F.3d at 576. The Fifth Circuit has recognized two grounds on which a court can determine a defendant was improperly joined: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in

---

[3] For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted).

state court.'" *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005).

Only the latter ground is at issue here. To satisfy the second ground for improper joinder, the defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (emphasis added). When applying this test, the court does not "determine whether the plaintiff will actually or even probably prevail on the merits of the claim [against the in-state defendant], but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005) (citing *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42-43 (5th Cir. 1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981)). Furthermore, the party seeking removal bears the "heavy burden of proving" that joinder was improper. *Smallwood*, 385 F.3d at 574. This burden requires the trial court to resolve all "contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in the plaintiff's favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The court can only deny the plaintiff's motion for remand if—as a matter of law—there is absolutely no possibility that the plaintiff can state a valid claim against the non-diverse defendant in state court at the time of removal. *See B., Inc.*, 663 F.2d at 554; *Travis*, 326 F.3d at 648 (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery"); *see generally see Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (discussing, *inter alia*, fraudulent joinder and that removal

jurisdiction is based on claim in state court complaint as it exists at time of removal).[4] If the defendant cannot prove improper joinder, remand is mandated. *Smallwood*, 385 F.3d at 575. To assess "whether a plaintiff has a reasonable basis of recovery under state law,"

> [t]he court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Smallwood*, 385 F.3d at 573 (footnotes omitted); *see, e.g.*, *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1046 (5th Cir. 2021) (discussing the same). The Fifth Circuit has further explained:

> "To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014)). Alternatively, *Smallwood* indicated that in a relatively small number of cases, the plaintiff has "stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.

*Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir. 2021).

When deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550

---

[4] *See also Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 475 (5th Cir. 2022) ("'[T]he district court must examine the plaintiff's possibility of recovery against that defendant at the time of removal.'") (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016)).

U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (brackets omitted) (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

Here, the Parties do not contest the amount in controversy requirement for removal under diversity jurisdiction. Rather, the Parties only contest diversity of citizenship as to Nelson—whether Nelson was improperly joined into the lawsuit, thereby precluding diversity jurisdiction.

#### A. Parties' Citizenship

Here, Zell pleaded (i) that he and Nelson *reside* in Texas. (ECF No. 1-5 at 2-3). Zell pleaded AMICA "is a domestic for-profit corporation organized and existing under the laws of the State of Texas." (ECF No. 1-5 at 2). Zell's pleadings contain no specific facts as to the citizenship or domicile (or headquarters) of Zell, Nelson, or AMICA. AMICA states in its notice of removal that it "is incorporated and has its principal place of business in Lincoln, Rhode Island[;] [. . .] pursuant to 28 U.S.C. § 1332(c), Amica is a citizen of Rhode Island." (ECF No. 1 at 1). AMICA further states that Zell and Nelson are citizens of Texas. (ECF No. 1 at 1). Zell raises no challenge on

citizenship in the context of *where* each Party is a citizen.[5]

The Court takes judicial notice that other cases involving AMICA recognize it as a citizen of Rhode Island. *See, e.g.*, *Pry v. Amica Mut. Ins. Co.*, No. 3:19-CV-1730-L-BK, 2020 WL 1105136, at *1 (N.D. Tex. Feb. 13, 2020), *report and recommendation adopted*, No. 3:19-CV-1730-L, 2020 WL 1083646 (N.D. Tex. Mar. 6, 2020). The Court further takes judicial notice in accordance with Federal Rule of Civil Evidence 201(b) that AMICA is a Rhode Island corporation formed in 1907 with its home office in Lincoln, Rhode Island. Amica Mutual Insurance Company, Annual Statement for the Year Ended December 31, 2023, https://dbr.ri.gov/media/27921/download.[6] As (i) pleaded, noticed, and briefed by the Parties and (ii) for the purpose of this Motion to Remand—the Court determines the Parties' respective citizenship as follows: (i) that Zell and Nelson are citizens of Texas and (ii) that AMICA is a citizen of Rhode Island.

---

[5] Zell's briefing does not challenge AMICA's citizenship in Rhode Island. Instead, Zell appears to concede AMICA is a foreign entity—asserting this Court has due process jurisdiction over AMICA through minimum contacts instead of through citizenship in Texas:

> Amica availed itself of the privilege of conducting activities availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant Amica, and the assumption of jurisdiction over Defendant Amica will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

(ECF No. 6 at 2-3). Here, it is undisputed that the Court has jurisdiction over AMICA.

[6] Federal Rule of Evidence 201(b) allows the court to take judicial notice of facts that are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction or (2) *capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned*. Fed. R. Evid. 201(b) (emphasis added); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998). Pursuant to Rule 201(b), the court takes judicial notice of AMICA's filings with the Rhode Island Department of Business Regulation indicating it is a Rhode Island corporation with its home office in Lincoln, Rhode Island. *See generally Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (taking judicial notice of documents required by law to be filed with Securities Exchange Commission).

B.  **Whether Zell Improperly Joined Nelson**

As discussed above, the sole mention of Nelson in the Petition is that AMICA assigned Nelson as the adjuster for Zell's claim. (ECF No. 1-5 at 8). The Petition attaches (i) the corresponding letter from AMICA of Nelson's assignment and (ii) a March 11, 2022 demand for payment that was mailed to Nelson. (ECF No. 1-5 at 18, 21-23). Apart from these facts taken as true, nothing in the Petition nor attachments thereof allege facts about Nelson.

In her Motion to Remand, Zell asserts:

> Defendant Amica acknowledges that Defendant Nelson is a resident of the State of Texas in its Notice of Removal. **As such Defendant Nelson is a local Defendant, she is a citizen of the State of Texas where the suit was filed.** 28 U.S.C. [sic] 28 U.S.C. § 1441(b)(2); *Hurt v Dow Chem. Co.* [sic] 963 Fed 1142 (8th Cir. 1992) *overruled on other grounds*; *Holbein v TAW Enters., Inc.*, 983 F3d 1049 (8th Cir. 2020). Therefore, **Plaintiff's Joinder of Defendant Nelson, a local Defendant, was not a fraudulent joinder.** *Hunter*, 582 F.3d at 1044-45. **There is no fraudulent joinder because Defendant's argument to disregard the local Defendant applies equally to all Defendants.** *Id; Gasch v Hartford Accident & Indemn. Co.*, 491 F.3d 278m 283-84 (5th Cir. 2007); *Diaz v Sheppard*, 85 F.3d 1502m 1505 (11th Cir. 1996).

(ECF No. 6 at 3) (emphasis added in bold).[7] Zell appears to conflate and confuse (i) a defendant's citizenship for the purpose of determining diversity jurisdiction with (ii) the analysis for whether a plaintiff has a reasonable basis of recovery under state law against that defendant. (*See* ECF No. 6 at 3). Otherwise, Zell appears to rely on *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007), to assert that his claims against Nelson have reasonable basis of recovery, but under these circumstances, *Gasch* is inapposite.

---

[7] The Court notes Zell cites authority from the 8th and 11th Circuits, when (i) such authority is not precedential on this Court and (ii) nothing in the pleadings or record anticipate or require application of the law of those jurisdictions.

*Gasch* addressed claims that plaintiffs asserted against an insurance adjuster under the Texas Insurance Code. 491 F.3d at 282;[8] *see Roach v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:15-CV-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016) (discussing *Gasch* and collecting cases concluding that individual adjusters may be subject to liability under the Texas Insurance Code). However, Zell asserts no claims against Nelson under the Texas Insurance Code or common law. (ECF No. 1-5 at 2-23)[9] Instead, Zell asserts each of his claims against only AMICA, singular:

> COUNT 1 — SUIT FOR DECLARATORY RELIEF
> *Defendant AMICA* . . .
> . . . .
>
> COUNT 2 — DECEPTIVE TRADE PRACTICES ACT
> Plaintiff purchased a policy of insurance and paid valuable consideration in the form of premiums to *Defendant AMICA* . . .
> . . . .
> *Defendant AMICA* and its agents, employees, and representatives have knowingly and intentionally engaged in false, misleading, or deceptive acts or practices . . . Plaintiff to his detriment, relied upon the statements, representations and warranties of *Defendant AMICA* and its agents, employees or representatives in deciding to purchase and periodically renew insurance with *Defendant AMICA* as well as initially trusting *Defendant AMICA* to properly and timely handle his claims. Moreover, the actions and the course of action of *Defendant AMICA* and its agents, employees and representatives have been unconscionable. As is shown below in greater detail, *Defendant AMICA* and its agents, employees and representatives, including but not limited to its use or employment of acts or practices in violation of Chapter 541 and 542 of the Texas Insurance Code are a producing cause of economic damages and damages for mental anguish. As such, Plaintiff is entitled to maintain an action against *Defendant AMICA* as well as its agents, employees and representatives engaging in such prohibited acts or practices.
> . . . .
>
> COUNT 3 — BREACH OF CONTRACT
> . . . *Defendant AMICA* breached the AMICA Policy of insurance . . . .

---

[8] *Gasch* discussed claims asserted under Article 21.21, which is now Section 541 of the Texas Insurance Code. *See generally Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282-83 (5th Cir. 2007); Tex. Ins. Code Ann. §§ 541.001-541.454.

[9] In *Gasch* the Fifth Circuit assumed without deciding that plaintiffs common law claims against the insurance adjuster failed. *Gasch,* 491 F.3d at 282–283 (referencing *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697 (Tex. 1994).

> COUNT 4 — PROMISSORY ESTOPPEL
> . . . *Defendant AMICA* promised Plaintiff . . . .
>
> COUNT 5 — SPECIFIC PERFORMANCE
> . . . . Injustice to Plaintiff can be avoided only if the promise of *Defendant AMICA* to provide reasonable and fair compensation under the underinsured motorist coverage is enforced. Plaintiff's reliance on *Defendant AMICA's* promise . . .

(ECF No. 1-5 at 9-13) (emphasis added). Without any claims pleaded against Nelson under the Texas Insurance Code, *Gasch* is inapposite.

Nevertheless, Zell continues:

> [] Defendant Nelson made all of the decision [sic] regarding this claim for the benefit of Defendant Amica. Defendant Nelson made all of the decision [sic] at the direction and under the supervision of Defendant Amica. Defendant Amica stands to benefit directly from all of the decisions made by its adjuster, Defendant Nelson. [. . .] All transactions between Plaintiff and Defendants were performed in Dallas, Texas.

(ECF No. 6 at 3). But, no facts in the pleading support such allegations, and Zell directs the Court to no jurisdictional evidence of the same. None of the counts of Zell's claims name Nelson independently nor contain facts that differentiate Nelson's liability as to his claims. (ECF No. 1-5 at 9-13). Nevertheless, Zell appears to argue that Nelson—as an agent, employee, or representative of AMICA—is independently liable for the claims Zell asserted against AMICA. (*See* ECF Nos. 5-6). The Court disagrees.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Each of the allegations that relate to claims against Nelson are conclusory because those allegations fail to provide the court some reasonable basis to predict that Zell can recover against Nelson. *See Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, No. 3:15-CV-3741-D, 2016 WL 931217, at *5 (N.D. Tex. Mar. 11, 2016); *see also Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 WL 11474841, at *6 (N.D. Tex. Sept. 25, 2014) ("Merely lumping diverse and non-diverse

defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant.") (quoting *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014)); *DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013) (holding that plaintiff failed to show reasonable basis to recover against adjuster by merely reciting elements of causes of action, making only conclusory allegations, and "repeatedly refer[ring] to the allegedly wrongful conduct as taken jointly by 'Defendants' . . . without specifying the conduct taken by each [defendant] separately."). Zell's pleadings assert no facts about Nelson—analyzed under the federal pleading standard[10]—that would give rise to liability for Nelson under Texas law. Zell presents no factual allegations or contested issues of fact for the Court to evaluate regarding Nelson as to his claims. *See Burden*, 60 F.3d at 216; *African Methodist*, 756 F.3d at 793. Zell's pleadings show no theoretical possibility of recovery against Nelson. *Travis*, 326 F.3d at 648. The Court concludes Zell has no reasonable basis of recovery under state law against Nelson. *Smallwood*, 385 F.3d at 573.[11] The Court concludes AMICA has met its heavy burden of demonstrating that Nelson has been improperly joined, and Nelson's Texas citizenship can be disregarded for purposes of determining diversity of citizenship and removability. *See Smallwood*, 385 F.3d at 574.

### C. Whether Diversity Jurisdiction Exists

Disregarding Nelson for the purpose of determining diversity jurisdiction, the remaining parties are (i) Zell, a citizen of Texas, and (ii) AMICA, a citizen of Rhode Island. Thus, the Parties are of completely diverse citizenship. *See* 28 U.S.C. § 1332(a). AMICA, as the only properly

---

[10] Even if the Court were to base its analysis on Texas Rule of Civil Procedure 91(a), the Court would reach the same result.

[11] *See generally Art Dallas, Inc. v. Fed. Ins. Co.*, 2022 WL 221231, at *4–6 N.D. Tex. Jan. 25, 2022) (discussing improper joinder of insurance agent).

joined defendant, is not a citizen of the State of Texas. *See* 28 U.S.C. § 1441(b). As Zell demanded payment of, at minimum, $94,046.40 prior to the initiation of litigation—the case involves an amount in controversy of more than $75,000. *See* 28 U.S.C. § 1332(a). Having met the requirements for diversity jurisdiction, the Court DENIES Zell's motion to remand.

### IV. CONCLUSION

For the reasons enumerated hereabove, the Court DENIES Zell's motion to remand in its entirety.

**SO ORDERED.**

22nd day of March, 2024.

ADA BROWN
UNITED STATES DISTRICT JUDGE